UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| RANDALL DAVID BAYS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:15-CV-170 |
| CAROLYN W. COLVIN, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This Social Security matter is before the Court to consider the Report and Recommendation of the United States Magistrate Judge dated July 1, 2016. [Doc. 17]. In that Report and Recommendation, the Magistrate Judge recommends that the plaintiff's motion for summary judgment, [Doc. 13], be denied, and defendant's motion for summary judgment, [Doc. 15], be granted. The plaintiff has filed objections to this recommendation, [Doc. 18]. The defendant Commissioner has not responded to the objections.

The plaintiff objects to the Magistrate Judge's recommendation that the decision of Administrative Law Judge ("ALJ") to deny disability benefits be upheld. The plaintiff's objections to the Magistrate Judge's report are the same arguments made to the Magistrate Judge on appeal from the ALJ's decision. The plaintiff has presented no new argument but merely asserts in the objection that both the ALJ and the Magistrate Judge decided the case incorrectly. The plaintiff argues that neither the ALJ nor the Magistrate Judge properly evaluated the full description of his past relevant work. The plaintiff further objects that the ALJ did not explicitly state the weight given to the medical opinion of Dr. Wireman and that the Magistrate Judge erred in finding the failure to do so harmless.

1

The plaintiff argues that the ALJ and the Magistrate Judge failed to properly evaluate his past relevant job description as a store clerk/cashier. At the first hearing, the vocational expert ("VE") testified that the position of convenience store clerk required medium exertion and had no transferrable skills. A second administrative hearing was held and at the start of the hearing, the ALJ specifically stated "the reason we're back again is because I got – the last hearing we had, the VE was not entirely correct in the information I was given about his past relevant work. So we're here to correct that and for you to put on anything you want to put on." [Transcript p. 30]. Specifically, the plaintiff argues the testimony of the second hearing before the ALJ where the plaintiff testified he performed "heavy lifting" by filling drink dispensers with ice above his head was not properly considered. At the second hearing, the plaintiff's attorney stated on the record that he "just wanted to clarify with [the plaintiff] that . . . there was no gas pumps. It was heavy lifting as far as filling drink dispensers with ice above your head and it was a computerized cashiers – cash registers." [Transcript p. 32]. The plaintiff responded, "That's correct" but did not expand any further on the weight of the ice, how often the plaintiff refilled the ice dispensers, or why the plaintiff did not submit this information in the detailed work history description form. At the second hearing, the VE opined that the convenience store clerk position was a light exertion position. [Transcript p. 33].

The plaintiff objects to the ALJ's determination that he could return to work as a convenience store clerk based on the "discrepancy" between the first and second VE testimony regarding the exertion requirement. The plaintiff argues that the "heavy lifting" referenced by the attorney in the second hearing "would reasonably exceed the demands of light work" and supports the first VE's testimony that the position required medium exertion. The plaintiff

2

argues the ALJ erroneously relied on the second VE's opinion and did not adequately address the discrepancies or the "heavy lifting" description.

The Court does not agree that the ALJ did not address the discrepancies between the first and second VE's testimony. At the start of the second hearing, the ALJ specifically stated that the reason for a second hearing was because the first VE was "not entirely correct" regarding the description of a store clerk. Additionally, the plaintiff appears to focus only on the "heavy lifting" statement made at the second hearing and fails to consider the other evidence related to his past work as a convenience store clerk. The plaintiff himself filled out a work history description form wherein he stated that he infrequently had to stock a 20-foot cooler with a case of drinks weighing approximately 20 pounds. One reference in testimony, seemingly made in passing without explanation of "heavy" or the frequency of the lifting does not overcome the other evidence supporting the ALJ's finding. It appears that the refilling of drink dispensers was likely not a significant or frequent part of his position as the plaintiff failed to mention the task in his work history report and stated in that report that the most he lifted was 20 pounds on an infrequent basis, a description within the light exertion level which the plaintiff was found to be capable of performing. The ALJ has sufficient evidence from the plaintiff's submitted work history and the VE's testimony regarding the light exertional limits of a store clerk position to conclude that the plaintiff could return to his past work.

Regarding the opinion of Dr. Wireman, the plaintiff argues that that ALJ failed to indicate what weight, if any, he gave to Dr. Wireman. The CFR provision pertaining to the weight to be given to the evaluations of a treating physician is set out as follows:

> Unless a treating source's opinion is given controlling weight, the administrative law judge must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant or other program physician, psychologist,

3

> or other medical specialist, as the administrative law judge must do for any opinions from treating sources, nontreating sources, and other nonexamining sources who do not work for [the agency].

20 C.F.R. § 404.1527(e)(2)(ii). The plaintiff stops his argument here and submits that the ALJ committed reversible error in failing to explicitly state the weight given to Dr. Wireman's opinion. However, the code sets out the factors the ALJ must consider when determining the appropriate weight. *Id.* at 1527(c). The factors include the examining relationship, treatment relationship, length of treatment relationship and the frequency of examination, nature and extent of treatment relationship, supportability, consistency, specialization, or other factors not specifically set out above. *Id.* Failing to state the reasons for discounting an opinion may be "harmless error" if "the Commissioner has met the goal of § 1527(d)(2)—the provision of procedural safeguard of reasons—even though she has not complied with the terms of the regulation." *Friend v. Comm'r of Soc. Sec.*, 375 Fed. App'x 33, 551 (6th Cir. 2010) (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004)). The procedural protections may be met when the "supportability" of a doctor's opinion, or its consistence with other evidence in the record, is *indirectly* attacked via an ALJ's analysis of a physician's other opinions or his analysis of the claimant's ailments. *Id.* (citing *Nelson v. Comm'r of Soc. Sec.*, 195 Fed. App'x 462, 470-72 (6th Cir. 2006); *Hall v. Comm'r of Soc. Sec.*, 148 Fed. App'x 456, 464 (6th Cir. 2006)).

Here, Dr. Wireman was a consultative examiner for the Disability Determination Service. In his opinion, the ALJ stated the following about Dr. Wireman:

> Dr. Jon Wireman, medical consultative examiner. Dr. Wireman assessed that the claimant could likely stand for four hours out of an eight-hour day, sit six hours out of an eight-hour shift with reasonable breaks, and could likely lift 10 pounds

4

> frequently. Dr. Wireman is a one-time examiner, who does not
> have the benefit of the claimant's longitudinal record. The medical
> evidence shows that the claimant is not as limited as determined by
> Dr. Wireman.

Earlier in the opinion when discussing the medical evidence, the ALJ also referenced that Dr. Wireman noted the plaintiff's "effort with the examination limited the assessment."

The plaintiff argues that the ALJ should have explicitly stated if he gave Dr. Wireman's opinion some, little, or no weight. However, the Court concludes that the error in failing to explicitly state the weight given was harmless. The ALJ discusses the substance of Dr. Wireman's opinion in multiple sections of his opinion and noted the deficiencies he found in Dr. Wireman's opinion. Additionally, the ALJ set out reasons in the record for not giving Dr. Wireman's opinion controlling authority, "Dr. Wireman was a one-time examiner, who does not have the benefit of the claimant's longitudinal record." It is clear that the ALJ did not give Dr. Wireman controlling authority because the ALJ concludes that the claimant was not as limited as Dr. Wireman concluded. However, the ALJ concluded that the plaintiff was capable of returning to his past work of a store clerk, which the plaintiff described as having to walk for maybe two hours, stand for maybe two hours, and sit for maybe six hours, consistent with Dr. Wireman's opinion regarding the plaintiff's movement limitation. This conclusion shows that the ALJ gave little weight to Dr. Wireman's opinion. This discussion of Dr. Wireman's opinion and the reasons for failing to give it controlling weight is sufficient to meet the procedural safeguard that the regulation is intended to provide. Remanding the case to have the ALJ state he gave the opinion a particular weight, either some or little, would be an inefficient use of resources as it would not change the ALJ's determination based the ALJ's opinion and evidence that provides substantial evidence to support the ALJ's decision.

5

After careful consideration of the record as a whole, including the Administrative Transcript, and after careful consideration of the Report and Recommendation of the United States Magistrate Judge, and for the reasons set out in that Report and Recommendation which are incorporated by reference herein, it is hereby ORDERED that the plaintiff's objections are OVERRULED, that this Report and Recommendation is ADOPTED and APPROVED, [Doc. 17], that the plaintiff's motion for summary judgment, [Doc. 13], is DENIED, and that defendant's motion for summary judgment, [Doc. 15], is GRANTED.

ENTER:

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE